■ In the Matter of TOWN OF HAVERSTRAW, Appellant-Respondent, v HAROLD R. NEWMAN et al., Constituting the New York State Public Employment Relations Board, Respondents-Appellants, and ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Intervenor-Respondent-Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Public Employment Relations Board, which directed the Town of Haverstraw to negotiate in good faith with respect to "legal insurance", (1) the said board and the Rockland County Patrolmen's Benevolent Association, Inc., appeal from a judgment of the Supreme Court, Rockland County, entered September 6, 1979, which annulled the determination and (2) petitioner appeals from so much of a judgment of the same court, entered May 28, 1979, as directed it to negotiate certain enumerated subjects with the Rockland County Patrolmen's Benevolent Association. Judgment entered May 28, 1979, affirmed insofar as appealed from, without costs or disbursements. Judgment entered September 6, 1979, reversed, on the law, without costs or disbursements, and determination with respect to "legal insurance" reinstated and confirmed. As a threshold question, we reject the town's contention that a higher standard for the determination of mandatorily negotiable subjects should be applied to policemen and firemen. Merely pointing to the fact that these employees are subject to binding arbitration is not sufficient. The decision of PERB that legal insurance was a mandatory subject of negotiation was a permissible interpretation of subdivision 4 of section 201 of the Civil Service Law. There is no reason to distinguish legal

insurance from health insurance or group life insurance. All are a form of compensation and, as such, are encompassed within the definition of terms and conditions of employment. It is not necessary to prove a direct relationship to job performance to justify them. However, this should not be taken to mean that every demand to create a fund will automatically be considered a matter for mandatory negotiation. It should be noted, moreover, that PERB has broad discretion to determine mandatory subjects of negotiation. As the agency charged with administration of the Taylor Law, PERB is presumed to have expertise in reaching a judgment in this area. The courts may not substitute another interpretation so long as PERB's interpretation is legally permissible and does not negate any constitutional rights or protections. (See *Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398.) With respect to the judgment entered May 28, 1979, the court properly found that PERB's determination that family sick leave, uniform cleaning allowances and a safety clause were subjects for mandatory negotiation. (See *Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., supra.)* Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.