■ In the Matter of CAMPBELL PLASTICS, INC., Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding

instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated November 26, 1980, which affirmed a determination of the State Division of Human Rights finding that petitioner had discriminated against complainant Hazel Countermine because of her marital status and ordering petitioner, *inter alia,* to employ complainant at its place of business. In May of 1977, complainant Hazel Countermine was denied employment by petitioner Campbell Plastics, Inc., because her husband was employed by petitioner at the time and the company had a long-standing antinepotism policy which prohibited the hiring of relatives. As a result, complainant filed a complaint with the New York State Division of Human Rights wherein she asserted that petitioner had refused to hire her because of her marital status in violation of the Human Rights Law (Executive Law, art 15). Both the State Division and the State Human Rights Appeal Board agreed with complainant and ruled that she had been a victim of unlawful discrimination. The instant proceeding ensued. We hold that the determination of the appeal board must be annulled. Upon the present record, it is obvious that complainant was denied employment not because of her marital status, i.e., the fact that she was married at the time, but rather because of the additional fact that her husband was already in petitioner's employ. The Court of Appeals, in *Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.* (51 NY2d 506), has only recently held that such a refusal to hire is lawful and does not constitute discrimination based upon marital status which is prohibited by the Human Rights Law (Executive Law, § 296, subd 1, par [a]). Additionally, it should also be noted that we find no irregular application or enforcement of the antinepotism policy by petitioner such as would warrant intervention by the State Division into the case. Petition granted, determination annulled, and complaint dismissed, without costs. Sweeney, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.