■ In the Matter of POLICE ASSOCIATION OF THE CITY OF MOUNT VERNON, Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered December 17, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent dismissing petitioner's improper practice charge.

In April 1984, petitioner and the City of Mount Vernon were engaged in collective bargaining negotiations pursuant to Civil Service Law article 14 (the Taylor Law). Upon reaching an impasse and pursuant to the rules of procedure of respondent (4 NYCRR 205.14), petitioner filed a demand to refer the matter to an interest arbitration panel. The city's response included a proposal that existing health insurance benefits of the collective bargaining agreement be altered as follows: "Members hired on or after the signing of this agreement shall not be eligible for health insurance by the City if they are eligible for coverage under the plan of a spouse, provided the spouse's coverage is comparable to the health insurance plan being provided by the City for other members of the bargaining unit."

As a result of this proposal, petitioner filed an improper practice charge against the city on April 19, 1984. This charge claimed that the city violated its duty to negotiate in good

faith under the Taylor Law (Civil Service Law § 209-a [1] [d]) by submitting to interest arbitration a demand that constituted a prohibited subject of negotiation. Specifically, petitioner charged that the city's proposal was discriminatory because it denied a term and condition of employment to certain future members of the bargaining unit solely on the basis of "marital status". Subsequent to the city's answer, the matter was submitted to respondent's Administrative Law Judge who dismissed it, and on July 19, 1985 respondent issued a full decision and order affirming the Administrative Law Judge's determination. Petitioner thereupon commenced this CPLR article 78 proceeding attacking respondent's determination as arbitrary and, upon Special Term's dismissal, petitioner appeals.

In effect, respondent has determined the city's proposal to be a nonprohibited mandatory subject of bargaining. It is generally undisputed that health insurance benefits are a form of compensation "encompassed within the definition of terms and conditions of employment" *(Matter of Town of Haverstraw v Newman,* 75 AD2d 874, 875). It does not follow automatically that the issue herein is subject to mandatory negotiation, but since respondent has broad discretion in this regard as the agency charged with the application and administration of the Taylor Law, it can be concluded that the courts will accept respondent's construction of the Taylor Law as long as that construction is not unreasonable *(see, Town of Mamaroneck PBA v New York State Public Employment Relations Bd.,* 66 NY2d 722) and not limited by plain and clear prohibitions in the statutory or decisional law or by matters of public policy *(see, Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614, 616-617).

Respondent's determination relied on the interpretation of "marital status" by the Court of Appeals in *Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.* (51 NY2d 506), as that term is used in Executive Law § 296 (1) (a). This interpretation viewed "marital status" as the particular relation that a person bears to the marital state, rather than the relation that the person has to a particular marital partner. In effect, the Court of Appeals determined that the phrase as used in Executive Law § 296 (1) (a) meant that employers could no longer decide to hire or fire someone because that person is married, single, divorced or separated *(id.,* p 512). This analysis was followed by our court in *Matter of Campbell Plastics v New York State Human Rights Appeal*

*Bd.* (81 AD2d 991), where we held that a company's denial of employment to a woman because her husband was already employed there did not constitute discrimination on the basis of marital status under the Human Rights Law, since the woman was not denied employment because she was "married" but because she was "married" to one already in the company's employ *(id.,* p 992). Contrary to petitioner's claim, it was not beyond the power of respondent to adopt the interpretation placed on "marital status" as used in the Human Rights Law and interpreted in the above-cited authorities. Although respondent has no special expertise in interpreting the Human Rights Law, which is not within the ambit of its authority, respondent is not prohibited from adopting the court's interpretation of that law. Respondent held that the city's proposal would not deny health insurance benefits to an employee because of the employee's marital status, but, rather, because the employee was married to someone covered under comparable health insurance benefits. We find nothing arbitrary or capricious in this determination and the scope of our judicial review is limited to that consideration *(see, Matter of City of Albany v Helsby,* 48 AD2d 998, *affd* 38 NY2d 778). We likewise find unpersuasive petitioner's claim that respondent's determination improperly affected the interests of third persons who were not parties to the collective bargaining agreement. Accordingly, we affirm the judgment appealed from.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.