■ In the Matter of Suzanne L. Vega, Appellant, v Department of Correctional Services et al., Respondents.— Appeal from a judgment of the Supreme Court (Duskas, J.), entered July 10, 1991 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents terminating petitioner's employment as a correction officer.

Petitioner contends that respondents' dismissal of her from her position as a correction officer was arbitrary and capricious and in violation of Executive Law §§ 291 and 296, which prohibit the discharge of an employee due to that employee's marital status. A review of the notice of discipline, however, reveals that petitioner was discharged for violating the Employees' Manual rules which, inter alia, prohibited employees from engaging in a "relationship with any inmate, former inmate, [or] parolee * * * in any manner or form which is not necessary or proper for the discharge of the employee's

duties" and that "[a]ny [such] contact" was to be reported. Although the notice of discipline noted the marriage, the basis for her termination was petitioner's "covert and unauthorized conduct in developing and maintaining an apparent close relationship with an inmate and parolee". The discipline imposed was therefore not on the basis of the marriage itself (see, Matter of Police Assn. v New York State Pub. Empl. Relations Bd., 126 AD2d 824).

Likewise without merit is the contention that the determination was arbitrary or capricious or that it was an abuse of discretion (see, Matter of Altruda v Forsythe, 184 AD2d 881). In any event, the exclusive procedure for resolving disciplinary disputes was the parties' collective bargaining agreement and, insofar as the petition alleges a violation of that agreement, petitioner pursued the grievance procedure until she was informed by the arbitrator that she was responsible for her own expenses. The arbitrator subsequently issued a decision labeled "Award" in which he determined that the grievance was withdrawn and that the proposed discipline could be imposed. To the extent that it could be said that the decision was not final and binding, then the instant proceeding is premature because petitioner failed to exhaust her administrative remedies under the collective bargaining agreement (see, Matter of Plummer v Klepak, 48 NY2d 486, cert denied 445 US 952; Matter of Mottironi v Axelrod, 133 AD2d 948, lv denied 70 NY2d 615); if the decision was final and binding, then dismissal of this proceeding would still have been warranted because petitioner failed to properly commence a proceeding pursuant to CPLR 7511 to vacate the award (see, Home Ins. Co. v Country-Wide Ins. Co., 134 AD2d 570). Petitioner's remaining contentions have been considered and rejected as either unpreserved for review or lacking in merit.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.