■ JOSEPH CRAMER et al., Appellants, v NEWBURGH MOLDED PRODUCTS, INC., Respondent. [645 NYS2d 46]

The plaintiffs, Joseph and Annette Cramer, husband and wife, are former employees of the defendant. In October 1993, Joseph Cramer resigned from his employment with the defendant, and one year later, in November 1994, Annette Cramer was discharged from her position. The plaintiffs subsequently commenced this action alleging, *inter alia,* that the defendant had illegally forced Joseph Cramer to resign because of his age, and had illegally terminated Annette Cramer because of her marital status.

Contrary to the plaintiffs' contention, the Supreme Court did not err in dismissing Joseph Cramer's age discrimination cause of action on the ground that it is barred by release. It is well settled that releases are contracts whose interpretation is governed by principles of contract law. Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed *(see, Stone v National Bank & Trust Co.,* 188 AD2d 865; *Metz v Metz,* 175 AD2d 938; *see also, Mangini v McClurg,* 24 NY2d 556, 562). A release will not be treated lightly, and will be set aside by a court only for duress, illegality, fraud, or mutual mistake *(see, Mangini v McClurg, supra; L & K Holding Corp. v Tropical Aquarium,* 192 AD2d 643). At bar, it is undisputed that the plaintiff Joseph Cramer executed an employment termination agreement in which he expressly released the defendant from all claims including those "arising under federal, state or local laws prohibiting employment discrimination". Accordingly,

the plaintiffs' second cause of action alleging age discrimination is clearly barred by the release *(see, Stone v National Bank & Trust Co., supra).* Moreover, the plaintiffs' bare allegation that Joseph Cramer was forced to resign due to his age is insufficient to state a cause of action to set aside the release upon the ground that it was procured by duress *(see, Matter of Chamberlin v Board of Educ.,* 200 AD2d 529; *Hydrodyne Indus. v Marine Midland Bank,* 118 AD2d 626).

Furthermore, the assertion that the plaintiff Annette Cramer was terminated "because she was married to Joseph Cramer", does not set forth a cognizable cause of action under Executive Law § 296 (1) (a), which prohibits discrimination based upon an individual's marital status rather than upon the fact that the individual is married to any particular partner *(see, Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.,* 51 NY2d 506, 511-513; *Matter of Police Assn. v New York State Pub. Empl. Relations Bd.,* 126 AD2d 824).

Finally, the plaintiffs' fourth cause of action, which alleges breach of the defendant's obligation to make certain pension payments, was properly dismissed as it is preempted by the Employment Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.; see, Ingersoll-Rand Co. v McClendon,* 498 US 133, 137-139; *FMC Corp. v Holliday,* 498 US 52, 56-58; *Pilot Life Ins. Co. v Dedeaux,* 481 US 41, 47-48). Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.