(June 5, 2007)

■ In the Matter of Leonard I. Horowitz, Appellant, v New York City Tax Appeals Tribunal, Respondent, and Commissioner of Finance of the City of New York, Respondent. [837 NYS2d 89]—

Determination of respondent New York City Tax Appeals Tribunal, dated September 1, 2005, sustaining deficiencies of New York City unincorporated business tax found by respondent Commissioner of Finance of the City of New York as a result of rejecting deductions from City unincorporated business gross income that petitioner, a sole practitioner attorney, took for (1) one half of his federal self-employment tax, (2) the cost of his self-employed health insurance premiums and (3) the contributions to a defined benefit pension plan, confirmed, without costs, the petition denied and the proceeding dismissed.

A tax deduction is not a matter of right; rather, it is allowed only as a matter of "legislative grace" (*Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 197 [1975]; *Matter of Royal Indem. Co. v Tax Appeals Trib.*, 75 NY2d 75, 78 [1989]). Therefore, the taxpayer bears the burden of establishing his or her entitlement to specific tax deductions (*see Matter of Colt Indus. v New York City Dept. of Fin.*, 66 NY2d 466, 471 [1985]; *Royal Indem. Co.* at 78; Administrative Code of City of NY § 11-529 [e]). Where the taxpayer seeks to exclude items from taxation, "the presumption is in favor of the taxing power" (*Matter*

of *Mobil Oil Corp. v Finance Adm'r of City of N.Y.*, 58 NY2d 95, 99 [1983]). Moreover, the reviewing power of a court is limited "where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially" (*NLRB v Hearst Publications, Inc.*, 322 US 111, 131 [1944]; *Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]; cf. *Lorillard Tobacco Co. v Roth*, 99 NY2d 316, 323 [2003]).

Petitioner has not sustained his burden. The subject payments, although deductible for federal income tax purposes, can be reasonably construed as remuneration for services for petitioner's benefit, and, as such, are not deductible under Administrative Code of the City of NY § 11-507 (3) (cf. *Old Colony Trust Co. v Commissioner*, 279 US 716, 729 [1929] [payment of tax by employer was in consideration of services rendered by employee]; *Matter of Town of Haverstraw v Newman*, 75 AD2d 874 [1980] [health insurance is a form of compensation]; Internal Revenue Code [26 USC] § 401 [d] [contributions to defined benefit plan on behalf of owner-employee may be made only with respect to earned income derived from business with respect to which plan is established]). The Tribunal's interpretation that the subject payments, although made to third parties, were for services benefitting petitioner, is neither irrational nor unreasonable, and, therefore, should be upheld (*see Colt*, 66 NY2d at 471). Concur—Andrias, J.P., Marlow, Sweeny and Malone, JJ.

McGuire, J., dissents in a memorandum as follows: I respectfully disagree and would annul the determination of respondent New York City Tax Appeals Tribunal and grant the petition. Petitioner is an attorney who was engaged during the tax years in question in the unincorporated business of the practice of law as a sole practitioner. For each of those tax years, calendar years 1996, 1998, 1999 and 2000, petitioner filed federal income tax returns and deducted the following (the deductions) from his income: (1) one half of his federal self-employment tax, (2) an amount equal to the cost of his self-employed health insurance premiums and (3) an amount equal to the contributions made to a defined benefit pension plan. For each of these years, petitioner deducted these same amounts from unincorporated business gross income in New York City unincorporated business tax filings. The unincorporated business tax is imposed "on the unincorporated business taxable income of every unincorporated business wholly or partly carried on within the city" (Administrative Code of City of NY § 11-503 [a]). Pursuant to Administrative Code § 11-507, subject to the modifications speci-

fied in the subdivisions thereof, "[t]he unincorporated business deductions of an unincorporated business means the items of loss and deduction directly connected with or incurred in the conduct of the business, which are allowable for federal income tax purposes for the taxable year." Albeit begrudgingly, respondents concede that the deductions are allowable under federal law, and thus respondents necessarily concede as well that they are "directly connected with or incurred in the conduct" of petitioner's sole proprietorship. The issue on this appeal is whether the deductions are disallowed by subdivision (3) of section 11-507, which provides in relevant part as follows: "No deduction shall be allowed . . . for amounts paid or incurred to a proprietor or partner for services or for use of capital."

Upholding a determination by an administrative law judge, the Tax Appeals Tribunal ruled that the deductions were disallowed by section 11-507 (3). Specifically, the Tribunal reasoned that: "The payments at issue while made to third parties were made by the unincorporated business for the benefit of the proprietor and were remuneration for services rendered by the proprietor to his unincorporated business. Hence, the economic substance of the transactions requires disallowance of the deductions." The Tribunal believed that the disallowance of one half of petitioner's self-employment tax was particularly clear. These payments "satisfied [p]etitioner's personal federal income tax obligations and were indisputably income to [p]etitioner, as proprietor." According to the Tribunal, although the other payments—for self-employed health insurance premiums and contributions to a defined benefit plan—"did not satisfy a personal obligation of the proprietor, the payments were made for the benefit of the proprietor and were paid as compensation for the services of the proprietor."

Under this rationale, however, every payment by a sole proprietorship to a third party would be disallowed under section 11-507 (3). Even if some such payments might not satisfy a personal obligation of the proprietor, the economic substance of every such payment is that it benefits the proprietor. As petitioner argues, "even the payment of rent and office supplies would be disallowed under Section 11-507 (3) as would the payment of expenses in connection with the business use of a home and the business use of a personal automobile." Thus, as petitioner also argues, under this rationale the exception of section 11-507 (3) would swallow the rule of section 11-507.

This is not to say that under section 11-507 (3) the form of the payments underlying the deductions (i.e., that they were

made to third parties) is dispositive, or that an evaluation of the economic substance of a payment is irrelevant. But respondents pummel a straw man in attributing to petitioner an argument that "augurs a ridiculous result[: that] the prohibition expressed in . . . § 11-507 (3) [can] be avoided by making payments to third parties—to the proprietor's bank for his mortgage, to his grocer, his dry cleaner, etc." Petitioner certainly does not embrace that argument, and it is not entailed by any of the arguments he does make. Simply because some payments by a sole proprietorship or the sole proprietor to third parties, including those respondents hypothesize, would be "paid or incurred to a proprietor . . . for services," it hardly follows that all such payments must be "paid or incurred to a proprietor . . . for services."

Other than ipse dixit, nothing supports respondents' assertions that the deductions reflect amounts "paid or incurred . . . for services" and petitioner's "personal expenses." Notably, in their brief respondents do not defend the Tribunal's assertion that the payments of one half of petitioner's self-employment tax, even though they unquestionably were properly deducted for federal income tax purposes, were "indisputably income to [p]etitioner, as proprietor." To be sure, the payments underlying the deductions would not have been made but for the services petitioner rendered as an attorney. The phrase "paid or incurred to a proprietor or partner for services," however, contemplates payments that are income to the proprietor or partner and are in the nature of compensation for services performed. These payments, by contrast, properly were deducted from petitioner's income for federal income tax purposes. They do not constitute income to petitioner and, except in the insignificant sense just noted, were not paid or incurred "for" petitioner's services.

I agree with each of the principles of law cited in the second paragraph of the majority's memorandum. Nonetheless, a limited role for a reviewing court is not tantamount to a meaningless role. As a matter of law, the deductions are not payments that are income to petitioner and are not in the nature of compensation for services he performed.* Notably, the majority does not dispute that under the Tribunal's rationale every

* In referring to the Tribunal's "interpretation" that the payments "were for services benefitting petitioner," the majority elides the issue of whether they were payments for *petitioner's* services. In fact, the Tribunal did not make reference to any such "interpretation" or determination. Rather, it concluded, wrongly in my judgment, that the deductions represented payments that "were remuneration for services rendered by the proprietor" and, correctly but irrelevantly, that the payments were made "for the benefit of the proprietor."

payment by a sole proprietorship to a third party would be disallowed under section 11-507 (3). The majority nonetheless defers to the application of that unreasonable rationale.