In the Matter of the Application of THE NEW YORK STATE SOCIETY OF PROFESSIONAL ENGINEERS, INC., Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against THE EDUCATION DEPARTMENT OF THE STATE OF NEW YORK and Others, Respondents.*

Third Department, November 12, 1941.

*Joseph B. Diamond*, for the appellant.

*John J. Bennett, Jr., Attorney-General, Henry Epstein, Solicitor General [Dorothy U. Smith, Assistant Attorney-General*, of counsel], for the respondents.

CRAPSER, J. The petitioner is a membership corporation organized and existing under and by virtue of the laws of the State of New York, composed of several thousand professional engineers, duly licensed by the State of New York.

Section 1461 of the Education Law provides in part as follows: " * * * nor shall any corporation hereafter formed use or assume a name involving the word ' engineers ' or ' engineering ' or any

* Revg. 176 Misc. 136.

modification or derivative of such terms except a non-profit membership corporation composed exclusively of professional engineers."

Section 62 of the Education Law provides as follows: " The Regents may * * * for sufficient cause * * * change the name * * * of any institution which they might incorporate under section fifty-nine * * *."

On or about May 29, 1939, Ernest E. Cole, then Acting Commissioner of Education, indorsed upon the certificate of incorporation of " Human Engineering Laboratory, Incorporated," a membership corporation, his consent to the filing of said certificate although not one of the incorporators or trustees whose names appear in said certificate is a professional engineer.

The petitioner, by a letter dated June 19, 1940, demanded of the respondent, the Board of Regents, that they change the name of the Human Engineering Laboratory, Incorporated. The letter was acknowledged on June 21,.1940, by the Associate Commissioner of Education, in which he said that the letter demanding the change of name had been referred to Commissioner Cole.

Nothing further was done and this proceeding was instituted and on the 18th of April, 1941, the court dismissed on the merits the petition for an order directing the respondents to change said name as to respondents other than the Regents who thereafter filed a verified answer in the second clause of which they alleged as follows:

" Voted, That, sufficient cause not being shown to warrant exercise of their authority under section 62 of the Education Law, the Regents decline at this time to institute such proceeding for the change of name of the Human Engineering Laboratory, Incorporated."

No reason is assigned by the Board of Regents for their refusal. The court below dismissed the petition, making findings of fact and having stated the conclusion of law that the respondents, the Regents of the University of the State of New York, are entitled to a final order dismissing the petition on the merits.

An opinion was written in which the court below held that the language of section 62 authorizing the change of name was permissive and holding that the powers conferred on the Regents by the Education Law, section 62, authorizing them to change a corporate name must be exercised when it appears that the corporate name is being used in violation of the statute. The court held that such power need not be so exercised by the Board of Regents and that the aggrieved party might follow such other remedy as may be available.

The Human Engineering Laboratory, Incorporated, was an institution which the Regents might incorporate under the Education Law, section 59, and as such the consent of the respondents as to the filing of the certificate of incorporation was necessary pursuant to the Membership Corporations Law, section 11. (Education Law, § 59.)

Section 1461 of the Education Law was violated by the Board of Regents when the Acting Commissioner of Education indorsed upon the certificate of incorporation " Human Engineering Laboratory, Incorporated," a membership corporation, his consent to the filing of such certificate. The act constituted a clear violation of the law on his part. They have offered no excuse for refusing to change the name when it was called to their attention.

In *People ex rel. Doscher* v. *Sisson* (222 N. Y. 387) the court said (at p. 395): " It is a general, although not inflexible, rule that permissive words used in statutes conferring power and authority upon public officers or bodies will be held to be mandatory where the act authorized to be done concerns the public interest or the rights of individuals."

The change in the name of the Human Engineering Laboratory, Incorporated, as authorized by the Education Law, section 62, concerns a public interest within the meaning of the foregoing decision for the reason that as the matter now stands section 1461 of the Education Law has been disobeyed by the Board of Regents and the Acting Commissioner of Education; the provisions of that article were entirely ignored when they indorsed the certificate. The respondents are permitting a continued violation of the Education Law by refusing to change the name of the " Human Engineering Laboratory, Incorporated," by eliminating the word " Engineering." It is contrary to the Education Law and the public policy of the State of New York.

The courts will order the proper exercise of discretionary power by the respondents where the refusal to act is unfair, arbitrary or capricious. (*Matter of Marburg* v. *Cole*, 286 N. Y. 202, 214; *Matter of Board of Education of City of New York* v. *Graves*, 175 Misc. 205; *Bullock* v. *Cooley*, 225 N. Y. 566, 577, 578; *Matter of Levitch* v. *Board of Education*, 243 id. 373.)

The act of the respondents in refusing to change the name is arbitrary, unfair and capricious because such refusal continues their violation of section 1461 of the Education Law, and any act of any board which violates the law and which the board refuses to change when their attention is called to it, without giving any reason, is arbitrary, unfair and capricious.

The order appealed from should be reversed and the application of the petitioner granted, with costs and disbursements to the petitioner against the respcndents.

HILL, P. J., and BLISS, J., concur; SCHENCK and FOSTER, JJ., dissent.

Order appealed from reversed and the application of the petitioner granted, with costs and disbursements to the petitioner against the respondents.