■ VIRGINIA M. RILL, as Administratrix of the Estate of ROBERT H. RILL, Deceased, Respondent, v. HUGH B. DARLING, Appellant.— AULISI, J. Appeal from an order of the Supreme Court, Madison County, entered February 6, 1964, which denied defendant's motion for summary judgment. Plaintiff seeks to recover money damages for the death of her husband which she contends was hastened by the alleged negligence of the defendant. A defense interposed by defendant is a general release executed by the decedent three days after the accident occurred early on Christmas morning, which in 1959 was a Friday. The question before us is whether it was error as a matter of law to refuse to grant a motion for summary judgment based upon the general release. At about midnight on December 24–25, 1959, the decedent who was a lieutenant in the fire department of the City of Oneida and a fellow fireman, Darwin Booth, were carrying a ladder at the scene of a fire in said city when the ladder was struck by an automobile operated by the defendant. Both firemen were knocked to the ground, their uniforms were torn and soiled but neither Booth nor Rill appeared to be injured, except that the decedent had a "strawberry" on his right knee. On Monday, December 28, 1959, a representative of the defendant's insurer left word at the fire station for Rill to come to the insurance office. Later in the day the decedent called at said office and after discussing the accident with the claims manager accepted $25 in settlement and signed said release. For a time prior to the accident Mr. Rill had been hospitalized and treated for a

brain disease. This fact was known by the claims manager. In April, 1960, Rill was again hospitalized and death followed on September 1, 1961. This action was commenced on December 20, 1961. The complaint alleges in substance that the accident of December, 1959, aggravated and exacerbated the decedent's pre-existing brain disease resulting in his disability and subsequent death. The plaintiff urges that there is no merit to the defendant's contention that the release is a complete defense. She maintains that said release was executed, delivered and received under a mutual mistake of fact in that decedent and the claims manager both assumed that the former had sustained no personal injury other than the "strawberry" on his knee. The administratrix claims that neither the decedent nor the claims manager knew that Rill had sustained in addition to a minor bruise on his knee, an aggravation of the pre-existing brain disease. The release was signed for the nominal sum of $25 which was also the settlement figure paid to fireman Darwin Booth for "getting his uniform cleaned". The accident happened on Christmas morning and only a Saturday and Sunday intervened between the happening of the accident and the execution of the release. We believe that plaintiff's proof in answer to the motion is sufficient to demonstrate a triable issue and that it was not error to fail to resolve the question summarily. A release is a contractual relationship and if the plaintiff can establish that the release here was based upon a mutual mistake and it was not intended that it should be regarded as a general and full release between the parties thereto, but rather as a release for the damage to decedent's uniform and his superficial bruise, the release would not bar a claim for damages for injuries which were unknown and were not taken into consideration by the parties at the time of settlement of the claim (*Farrington* v. *Harlem Sav. Bank,* 280 N. Y. 1; *Le Francois* v. *Hobart,* 262 App. Div. 602, affd. 287 N. Y. 638; *Barry* v. *Lewis,* 259 App. Div. 496; *Landau* v. *Hertz Drivurself Stations,* 237 App. Div. 141). That the instrument purported to release injuries known "*and unknown*" does not foreclose relief for mutual mistake if the release was not "fairly and knowingly made", to use the language of *Farrington (supra)*; and, indeed, as appears from the respective records on appeal, the releases involved in *Le Francois* v. *Hobart (supra)* and *Landau* v. *Hertz Drivurself Stations (supra)* contained even stronger language. In *Farrington* v. *Harlem Sav. Bank (supra,* p. 4) the court said: "At the time of the alleged settlement neither the claim agent nor the plaintiff knew of any injury except the superficial injuries referred to. No doubt the plaintiff had a perfect right to agree to settle for the injuries which were known and for all other injuries which might result, and such an agreement would be binding upon him no matter how serious the result of the injuries might thereafter turn out to be, provided the agreement was fairly and knowingly made." There is fairly presented the issue whether the release, particularly as it purports to cover injuries "known *and unknown*" (emphasis supplied), was, in the language of *Farrington,* "fairly and knowingly made" — a test involving intangible factors of a kind which would ordinarily be considered within the province of the trier of the facts. In this case, certainly, that issue is at least "'arguable'" and where there is "any doubt as to the existence of such issues", summary judgment should not be granted. (*Sillman* v. *Twentieth Century-Fox,* 3 N Y 2d 395, 404.) At this stage of the action, we do not pass upon appellant's additional contention that the salient elements of the proof presented in answer to the motion will necessarily be incompetent if proffered upon a trial. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.