DOROTHY S. MOYER, Appellant, v. GUSTAV P. SCHOLZ, Respondent.

Third Department, October 28, 1964.

Merchant, Waite & Waite (James G. Duffy of counsel), for appellant.

*Levene, Gouldin & Thompson (Carlton F. Thompson* of counsel), for respondent.

HAMM, J. This is an appeal from an order granting the defendant's motion for summary judgment and for dismissal of the complaint in a negligence action and from the judgment entered in pursuance of the order.

The complaint is procedurally correct (*Frankenheim* v. *Altman & Co.*, 1 A D 2d 200, 201–202). It pleads the defendant's negligence, the plaintiff's freedom from contributory negligence and the execution of a release by the plaintiff and then sets forth facts which, if established, would allegedly warrant rescinding and setting aside the release. The release referred to " any and all known and unknown personal injuries ". The consideration for the release was $373.91, approximately $21 more than the plaintiff's property damage and medical expense of $15. The complaint alleges that at the time of the agreement " neither the plaintiff nor the defendant knew that the plaintiff, rather than suffering from no serious injury, had a serious traumatic neck injury " and that subsequent to the signing of the agreement " plaintiff began experiencing serious difficulties in her forearms and neck and subsequent medical examinations have diagnosed her said injury as a nerve route [*sic*] compression caused by post-traumatic hypertrophic spur attributable to the said accident which injuries were not known or diagnosed at the time of the entering into the said release agreement."

With reference to the accident the plaintiff testified at an examination before trial " I knew I had been shaken up, yes. My arm had ached some and I had this numb feeling in my neck, I knew my neck had jerked." The affidavit of the plaintiff's physician states that the plaintiff, as she related it, was " thrown forward into the steering wheel of the automobile in such a manner that * * * her head and neck were snapped forward at the moment of impact." He adds that " [i]n the ensuing days she did experience some neck discomfort ". The doctor's initial examination disclosed no objective physical finding which might suggest the presence of any serious traumatic neck pathology. However, on October 31, 1960, the doctor noted " the development of a rather large spur on the posterior aspect of the vertabral [*sic*] bodies at the 6th cervical level ". The doctor's diagnosis was that this hypertrophic spurring was the cause of a neurological involvement of both of her upper extremities and that the plaintiff's disability was a direct result of the injury sustained in the accident.

" There is a difference between a ' failure to appreciate the consequences ' of an injury which is regarded as ' the sequellae

of a known injury'; and a 'mistake of fact as to the existence of an injury'. In the former circumstances 'the release may not be set aside' (*Gallo* v. *Montenigro,* 17 A D 2d 935)." (*Perry* v. *Kingston City Transp. Corp.,* 19 A D 2d 202, 203, per BERGAN, P. J.) It is clear from the plaintiff's testimony and from her physician's affidavit that the plaintiff was aware of a neck injury and mistook the future consequence or effect of the injury.

It is not contended that there was either fraud or haste on the part of the defendant or overreaching of the plaintiff by the defendant. The release was not signed until more than three months after the accident. A representative of the defendant, whom the plaintiff at no time saw, conducted negotiations with the plaintiff by telephone and mailed to the plaintiff forms to be signed. She executed them, arranged for them to be witnessed and arranged for their return to the office of the defendant's representative.

As the plaintiff has failed to show a triable issue the release is a complete defense.

The order and judgment should be affirmed, without costs.

GIBSON, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order and judgment affirmed, without costs.