■ MAUREEN MARCHELLO, an Infant, by Her Mother and Natural Guardian, MARY MARCHELLO, Respondent, v LENOX HILL HOSPITAL et al., Appellants. — Order, Supreme Court, Bronx County (Callahan, J.), entered June 7, 1984, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted.

Defendants appeal from the denial of their motion for summary judgment on the grounds, *inter alia,* that the defendants had been released from any liability with respect to the injuries sustained by the infant plaintiff.

In April, 1971 the infant, Maureen Marchello, who suffers from Down's Syndrome, underwent a cardiac catheterization procedure at Lenox Hill Hospital. After the procedure had been completed she sustained second degree burns on her right leg as a result of the negligent application of hot compresses. Subsequently, an action was commenced to recover damages for "first * * * degree burns of the right leg with erythema and blue discoloration with cellulitis". In September of 1974, this action was settled for $3,500 and a general release was executed and delivered to the defendants.

In March, 1978, plaintiff commenced an action against defendants Cesare E. Cucci, M.D., Herbert Kania, M.D., Ram K. Mansharamani, M.D., and Lenox Hill Hospital. This medical malpractice action sought recovery for a right foot-drop condition allegedly sustained by Maureen Marchello as a result of the 1971 catheterization procedure. Following discovery, plaintiff's attorneys had the matter reviewed by her expert, Lawrence Kaplan, M.D., who concluded that the right foot drop was "undoubtedly related to the local burn, cellulitis and inflammatory changes which were present following the complication apparently from the use of hot compresses to that extremity". Plaintiff thereupon discontinued this action and sought vacatur of the release and compromise order in the prior action.

Respondent argues that the settlement of the first action was based upon a mutual mistake in the attribution of the foot drop to the catheterization procedure rather than the burns resulting from the negligent utilization of the hot compresses. The leading case in this area of mutual mistake is *Mangini v McClurg* (24 NY2d 556). The Court of Appeals stated in *Mangini* (p 564) that, "in resolving claims of mutual mistake as to injury at the time of release, there has been delineated a sharp distinction between injuries unknown to the parties and mistake as to the consequence of a known injury. A mistaken belief as to the nonexistence of a presently existing injury is a prerequisite to avoidance of a release * * * If the injury is known, and the mistake, it has been said, is merely as to the consequence, future course, or sequelae of a known injury, then the release will stand [citations omitted]".

Applying the Court of Appeals reasoning in *Mangini* (*supra*) to the facts presented on this appeal, it is clear that the general release and compromise order executed in 1974 stand as a complete bar to the relief which plaintiff now seeks. Plaintiff's own expert has concluded that the foot drop is secondary to the burn inflicted on the infant's right leg, certainly a known injury at the time of the execution of the general release. Moreover, the complaint in the original action sought recovery for permanent loss of use, function and motion of the right leg as a result of damage to the soft tissues, nerves, tendons, muscles, ligaments and blood vessels in the affected area. Simply stated, defendants have compensated plaintiff for the negligent infliction of the burns, and the infant's foot-drop condition is an undoubted sequela to the injury encompassed by the general release. Accordingly, the order of the Supreme Court should be reversed and the complaint dismissed. Concur — Murphy, P. J., Kupferman, Carro and Lynch, JJ.