■ MERRIE STARR, Respondent, v STANLEY L. JOHNSEN, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated April 9, 1987, as denied his cross motion to dismiss the complaint and as directed that the validity of a certain release be determined at trial.

Ordered that the order is modified by adding thereto a provision directing that, upon completion of reasonable and necessary discovery, an immediate trial shall be conducted for

determination of the issues of fact relating to the validity of the release; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

On January 2, 1983, plaintiff was involved in a "hit-in-the-rear" motor vehicle accident, as a result of which she sustained personal injuries. The record before us is silent as to whether the driver of the other vehicle exhibited his driver's license and other papers (see, Vehicle and Traffic Law § 600 [2]), and if so, what name was specified thereon, but it is not disputed that at the time of the accident the driver identified himself as "Lenny" or "Leonard" Johnsen. The registered owner of the vehicle he operated was the defendant Stanley L. Johnsen of Valley Stream, New York. On September 13, 1983, the plaintiff, apparently represented by counsel and in consideration of a $7,500 payment, executed a general release in favor of "Leonard" Johnsen, designated therein as a resident of Brooklyn, New York. The circumstances of the settlement are presently unclear.

In or about December 1985, the plaintiff, whose present attorney asserted that the plaintiff learned her injuries were far more serious than she believed when she executed the release, commenced this action against Stanley L. Johnsen by service of a summons and complaint at the Brooklyn address which was designated on the release as the residence of "Leonard" Johnsen. By his answer to the plaintiff's complaint, Stanley L. Johnsen, inter alia, interposed three affirmative defenses premised on "release", positing that the release "to Leonard Johnsen * * * pursuant to Vehicle and Traffic Law section 388 releases this defendant".

The plaintiff thereafter moved to dismiss each of three affirmative defenses premised on the release (see, CPLR 3211 [b]), asserting that a release given to an operator of a motor vehicle does not by itself serve to release the owner (see, Plath v Justus, 28 NY2d 16; McDaniel v Gordon, 99 AD2d 826). The defendant Stanley Johnsen, through an attorney apparently provided pursuant to an automobile liability insurance policy, cross-moved for dismissal of the complaint (see, CPLR 3212), asserting, inter alia, that the plaintiff intended to settle all claims arising out of the automobile accident when she executed the release and characterizing as "unsound" the plaintiff's contention that the car owner can offset against any judgment the amount of settlement obtained from the driver (but see, Riviello v Waldron, 47 NY2d 297, 305-306; Plath v Justus, supra, at 23). Stanley L. Johnsen's counsel requested, in the alternative, that the motion and cross motion be held in

abeyance until completion of an "ongoing investigation", it having "recently" come to her attention that the owner and driver of the vehicle might be the same person. Counsel asserted that if "Leonard" Johnsen and Stanley L. Johnsen are the same person, the plaintiff's motion would be "moot". By additional affidavits offered before the motion and cross motion were finally submitted, the plaintiff asserted that she intended to release only the driver of the car, and Stanley L. Johnsen attested that his full name is Stanley Leonard Johnsen, that he is usually called "Lenny" or "Leonard" and that he is the "Leonard" Johnsen named in the release.

Although the record before us indicates that Leonard Johnsen and Stanley L. Johnsen are in fact one person, we do not agree with Johnsen's counsel that the plaintiff's claim against Johnsen in his capacity as owner is rendered moot. It is the mutual intention of the parties which determines whether release of one wrongdoer releases all wrongdoers *(see, Plath v Justus, supra,* at 23), even wrongdoers whose liability is only vicarious *(cf., supra,* at 22-23). Moreover, the general requirement that a release be fairly and knowingly made has been extended to situations falling short of actual fraud on the part of the releasee *(see, Mangini v McClurg,* 24 NY2d 556) and a passive failure to inform the releasor of a mistake is under certain circumstances sufficient to estop the releasee from insisting upon any advantage to be derived from the mistake of the releasor *(Kirchner v New Home Sewing Mach. Co.,* 135 NY 182, 189-190).

Although the defendant is free to assume whatever name he chooses, he may not by doing so interfere with the rights of others *(see, Smith v United States Cas. Co.,* 197 NY 420) and he was under a duty at the time of the accident to disclose his true identity *(cf.,* Vehicle and Traffic Law § 600 [2]). While the release executed by the plaintiff in favor of Leonard Johnsen contains no reservation of rights against the "owner" of the vehicle *(cf., Plath v Justus, supra),* neither does it disclose that Leonard Johnsen was both owner and driver. Since the release itself does not establish that the parties intended to discharge the defendant from liability in his capacity as owner and since the record before us fails to establish that, at the time she executed the release, the plaintiff knew that the owner and driver were one person, a trial is necessary to determine whether the defendant, in his capacity as owner, may rely on the release. However, because a resolution of this issue in the defendant's favor would end the litigation and because trial thereof may involve presentation of evidence not ordinarily

appropriately presented to a jury determining the issue of liability, we agree with the defendant that an immediate, separate trial of the issues of fact relating to the validity of the release should be had *(see, Barker v Conley,* 267 NY 43; *cf.,* CPLR 3211 [c]).* Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.