■ KATHLEEN L. COYLE, Appellant, v OREN E. BARKER et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated November 2, 1989, which denied her motion for an order setting aside certain documents executed in a stipulation of settlement of the action.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, by motion, sought to set aside certain documents, including a broad general release and an unconditional

stipulation of discontinuance, settling this personal injury action. She claimed that owing to a "mutual mistake", she settled the case before she realized that what she thought were only "soft tissue" injuries proved, some two years after the accident, to include a herniated disc. However, assuming there is a causal link between the accident and the later claimed injury, the plaintiff failed to establish that the herniated disc was nothing more than the unanticipated consequence of known injuries (see, Mangini v McClurg, 24 NY2d 556). Further, the record demonstrates that the plaintiff's physicians diagnosed the herniated disc five months before the plaintiff settled the action. Her application was thus without basis.

We note that although the plaintiff should have proceeded by way of a plenary action (cf., Teitelbaum Holdings v Gold, 48 NY2d 51; HCE Assocs. v 3000 Watermill Lane Realty Corp., 131 AD2d 543), the parties have acquiesced in the procedures used (cf., Stevenson v News Syndicate Co., 302 NY 81, 87; Mineroff v Macy's & Co., 97 AD2d 535, 536). Therefore, the Supreme Court properly denied the plaintiff's application on the merits. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.