■ ALFRED HORN et al., Respondents, v MARGARET M. TIMMONS et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered June 1, 1990, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it was barred by a general release.

Ordered that the order is affirmed, with costs.

The plaintiff Alfred Horn was injured on April 15, 1989, when the vehicle he was driving collided with a vehicle driven

by the defendant Margaret M. Timmons and owned by the defendant William R. Woolner. In September 1989 the plaintiffs' attorney contacted Woolner's insurance carrier and suggested that the matter might be settled. The insurance carrier was provided with a medical report prepared in July 1989 which indicated that the injured plaintiff suffered a cervical sprain in the accident, but a CAT scan of the cervical spine was normal. On November 14, 1989, the plaintiff Alfred Horn signed a general release for the amount of $2,500. Approximately two weeks later, he underwent a magnetic resonance scan of his cervical spine which revealed evidence of a herniated disc.

The plaintiffs commenced this action in December 1989 to recover damages for injuries related to the accident. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it was barred by the general release. The court denied the motion, finding that at the time the release was signed, there was a mistaken belief as to the nonexistence of a herniated disc.

It is well settled that a general release may be set aside on the ground of mutual mistake, and that, in a personal injury case, a mistaken belief as to the nonexistence of an injury may be sufficient (see, Mangini v McClurg, 24 NY2d 556, 564). However, "[i]f the injury is known, and the mistake, it has been said, is merely as to the consequence, future course, or sequelae of a known injury, then the release will stand" (Mangini v McClurg, supra, at 564). We agree with the Supreme Court that the injured plaintiff's herniated disc cannot be considered a "consequence, future course or sequelae" of the known cervical sprain. The record supports Alfred Horn's claim that he was not aware of the existence of the herniated disc at the time he signed the release (see, Pokora v Albergo, 130 AD2d 473). We therefore find that the court, in the absence of any factual issues, properly determined that the release was not a bar to this action. Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.