■ LYNN R. D'AMICO, Plaintiff, v GERARD V. NUZZO et al., Defendants, SULSKY & HABER, P. C., Nonparty Appellant, and DAVID B. JACOBS, Nonparty Respondent. [599 NYS2d 297] —In an action, inter alia, to recover damages for breach of contract, the nonparty appellant Sulsky & Haber, P. C., appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered September 9, 1991, as directed a hearing on the motion of the nonparty respondent David B. Jacobs to vacate a stipulation of settlement in the underlying action.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The underlying action was discontinued with prejudice by stipulation dated November 16, 1988. Therefore, no action presently exists to ground the motion made by the nonparty respondent. One who wishes to set aside a settlement made in an action which has been discontinued must proceed by plenary action, and not by motion *(see, Coyle v Barker,* 173 AD2d 756; *cf., Teitelbaum Holdings v Gold,* 48 NY2d 51). Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.