■ JAMES CAROLA, Respondent, v NKO CONTRACTING CORPORATION et al., Appellants, et al., Defendant. [613 NYS2d 497] — Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Burrows, J.), entered July 22, 1991 in Westchester County, which, *inter alia,* denied a cross motion by defendants NKO Contracting Corporation and Nicholas Osso for summary judgment dismissing the amended complaint against them.

On November 7, 1988, plaintiff, a carpenter and siding installer, was struck by the digging boom of a backhoe operated by defendant Nicholas Osso, an officer of defendant NKO Contracting Corporation (hereinafter collectively referred to as defendants). At the time of the accident, plaintiff received emergency treatment at a local hospital which included sutures to his head. Two weeks later, plaintiff visited a physician and was prescribed an anti-inflammatory to relieve his back pain. The pain gradually improved and plaintiff returned to work on a limited basis.

In mid-December 1988, defendants' insurance carrier communicated with plaintiff concerning a possible settlement. After discussions with defendants' representative, which plaintiff contends included a statement to the effect that the case was a "nuisance" and a warning that should he retain an attorney the insurance company would take a "no pay position", plaintiff, believing he had only "minor injuries", agreed to accept $4,000 in full settlement for his injuries. Four days

later, he signed a general release. Within days thereafter, plaintiff began to experience intense back pain requiring him to consult with an orthopedist. Less than two weeks after his signing of the release, he was admitted to a hospital and diagnosed as having a large herniated lumbar disc at L5-S1 and a smaller herniated disc at L4-5. Surgery was performed and a further examination revealed another larger herniated disc at L4-5, necessitating additional surgery. Affidavits from plaintiff's treating physician established the causal link to this injury.

Plaintiff commenced this action to recover for injuries related to this accident and thereafter moved for summary judgment. Defendants cross-moved for summary judgment and dismissal of the complaint, contending that plaintiff was barred by the provisions of the general release. Supreme Court denied both motions and defendants appealed.

It is now well settled that in a personal injury case, a release may be set aside on the ground of mutual mistake if there is "a mistaken belief as to the nonexistence of an injury" *(Horn v Timmons,* 180 AD2d 717, 718; *see, Mangini v McClurg,* 24 NY2d 556, 564). However, "[i]f the injury is known, and the mistake * * * is merely as to the consequence, future course, or sequelae of a known injury, then the release will stand" *(Mangini v McClurg, supra,* at 564; *see, Horn v Timmons, supra; Coyle v Barker,* 173 AD2d 756; *Marchello v Lenox Hill Hosp.,* 107 AD2d 566, *affd* 65 NY2d 833; *Moyer v Scholz,* 22 AD2d 50).

Here, the record does not contain any indication that when the release was signed either party had actual knowledge of the herniated discs which subsequently required surgery *(see, Pokora v Albergo,* 130 AD2d 473; *cf., Coyle v Barker, supra; Marchello v Lenox Hill Hosp., supra).* Hence, in light of the guidance detailed in *Mangini v McClurg (supra,* at 565), "[e]ven where a releasor has knowledge of the causative trauma, it has been held that there must be actual knowledge of the injury. Knowledge of injury to an area of the body cannot cover injury of a different type and gravity". In noting that plaintiff bears the burden of persuasion on this issue, we find that plaintiff has made a prima facie showing of mutual mistake and that Supreme Court properly found a question of fact as to "whether plaintiff suffers from an injury unknown at the time of the release or suffers merely from an unanticipated consequence of a known injury" *(Spiegel v Gnadzinski,* 155 AD2d 899; *see, Mangini v McClurg, supra; see also, Rill v Darling,* 21 AD2d 955, 956).

Similarly, we agree with Supreme Court that the question of whether the release was fairly and knowingly made should be left to the trier of fact *(see, Mangini v McClurg, supra,* at 567-568; *Rill v Darling, supra,* at 956).

Mercure, J. P., White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.