■ RAYMOND HAYES et al., Appellants, v JULIA LIPINSKI, Respondent. [657 NYS2d 529] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 19, 1996 in Schenectady County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

On May 10, 1994, plaintiff Raymond Hayes (hereinafter Hayes) allegedly sustained certain injuries when the car in which he was riding, which was being operated by his spouse, plaintiff Celestina Hayes, was struck from behind by a vehicle owned and operated by defendant. Thereafter, on June 1, 1994, plaintiffs executed a general release discharging defendant from any and all claims or causes of action arising out of the accident in exchange for a specified sum. In March 1995, however, Hayes and his spouse, derivatively, commenced this action against defendant seeking damages for personal injuries allegedly sustained by Hayes during the accident. Defendant answered and raised, as her sixth affirmative defense, that the execution of the aforementioned release precluded plaintiffs from maintaining this lawsuit. Plaintiffs thereafter moved for, *inter alia*, dismissal of defendant's sixth affirmative defense, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court, *inter alia*, granted defendant's cross motion, and this appeal by plaintiffs ensued.

We affirm. Although a release may be set aside on the ground of mutual mistake, "[a] mistaken belief as to the nonexistence of [a] presently existing injury is a prerequisite to avoidance of a release" (*Mangini v McClurg*, 24 NY2d 556, 564). Here, the subject release unequivocally discharges any claims that plaintiffs may have for damages, injuries or losses arising out of the accident and acknowledges that the sum accepted by plaintiffs constitutes "full settlement and satisfaction of all claims or demands whatsoever, for injuries known, and unknown". As the party seeking to set aside the release, plaintiffs bore the burden of establishing that "the general language of the release, valid on its face and properly executed, is to be limited because of a mutual mistake, or otherwise does not represent the intent of the parties" (*id.*, at 563; *see, Pressley v Rochester City School Dist.*, 234 AD2d 998). This plaintiffs failed to do.

Even assuming a causal connection between the accident and the subsequently claimed injury to Hayes' knee (*see, Carola v NKO Contr. Corp.*, 205 AD2d 931, 932; *Coyle v Barker*, 173 AD2d 756, 757), Hayes' affidavit nonetheless is insufficient

to raise a question of fact as to whether Hayes suffers from an injury that was unknown at the time of the execution of the release. Notably, Hayes does not unequivocally state that he was unaware that he injured his knee in the May 1994 accident. Rather he avers, somewhat cryptically, that he did not know at the time he executed the release that he "had suffered a serious injury to [his] knee which would require surgery". This statement, coupled with his averment that he first sought medical treatment for this purported injury in July 1994, falls short of the proof necessary to defeat defendant's motion. Equally unpersuasive is the assertion that plaintiffs did not realize that they were releasing any future claim for personal injury. As noted previously, the release is clear on its face and plaintiffs, having executed same, cannot now avoid its application by contending, in a conclusory fashion, that they did not understand its terms (see, DeQuatro v Zhen Yu Li, 211 AD2d 609). In light of this conclusion, we need not address the remaining arguments advanced by plaintiffs on appeal.

Mikoll, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.