OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed insofar as the appeal lies, with costs, and defendants’ motion for summary judgment denied.
 
 *
 

 On the eve of the trial of this personal injury action, defendants moved for leave to amend their answer to assert the affirmative defense of release and for summary judgment dismissing the complaint on that basis. Plaintiff David Best alleged in an affidavit that the release was intended to cover property damages only. Plaintiffs’ counsel asked the court for an opportunity to conduct discovery on the issue of the release, if the court granted defendants leave to amend their answer. Supreme Court granted defendants’ motion in full and dismissed the complaint. The Appellate Division affirmed with two Justices dissenting, resulting in an appeal as of right (CPLR 5601 [a]). We now reverse and deny summary judgment.
 

 The release was executed less than one month after the accident, and recited consideration that appears to be more consistent with the value of plaintiffs’ automobile than with a personal injury claim. Defendants did not initially raise the affirmative defense of release in their answer; to the contrary, for approximately two and a half years they sought and obtained discovery concerning the extent of Mr. Best’s physical injuries. In these unique factual circumstances, discovery should have been allowed concerning the release (CPLR 3212 ED.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Appeal, insofar as taken from that part of the Appellate Division order that affirmed the grant of defendants’ motion to amend their answer, dismissed upon the ground that that part of the Appellate Division order does not finally determine the action within the meaning of the Constitution. On appeal from the remainder of the Appellate Division order, order reversed,
 
 *835
 
 with costs, and defendants’ motion for summary judgment denied in a memorandum.
 

 *
 

 The appeal must be dismissed in part. Insofar as plaintiffs contest the grant of defendants’ motion to amend their answer, that part of the Appellate Division order is nonfinal and, as it does not necessarily affect the final determination, is not brought up for review by this Court on the appeal from the final portion of the order.