■ JENNIFER L. CURRY, Respondent, v EPISCOPAL HEALTH SERVICES, INC., et al., Appellants. [670 NYS2d 590] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Lama, J.), dated December 27, 1996, which, after a hearing, denied their motion to dismiss the complaint and granted the plaintiff's cross motion to the extent of setting aside the release previously signed by the plaintiff.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she slipped and fell in a puddle of water in the appellants' cafeteria. The plaintiff subsequently, without counsel, signed a general release in return for the payment to her of $832, an amount reflecting 10 days lost earnings, computed at a rate of $10.40 per hour, based on an 8-hour day. A representative of the appellants acknowledged that the sum of $832, coupled with the appellants' waiver of any amount due to them for the emergency room treatment

received by the plaintiff, would have represented fair compensation, but only if the plaintiff's injuries had consisted of these lost wages, and nothing more (*see, Best v Yutaka,* 90 NY2d 833). Further, it was not until after the release had been signed that the plaintiff was diagnosed as having incurred an "annular tear" and related injuries to her back, which were more serious than the injuries originally suspected. Under these and all the other particular circumstances revealed in the present record, we find that the Supreme Court properly set aside the release on the ground of mutual mistake (*see, e.g., Best v Yutaka, supra; Mangini v McClurg,* 24 NY2d 556; *Carola v NKO Contr. Corp.,* 205 AD2d 931; *Horn v Timmons,* 180 AD2d 717; *Pokora v Albergo,* 130 AD2d 473; *see also, Wheeler v State of New York,* 286 App Div 310). Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.