*935
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff, a drywall installer, injured his knee while working on stilts in the course of his employment. Ten months after his injury, plaintiff signed a document captioned “release of all claims," offered by a representative of defendant Benderson Development’s insurance carrier. That document, by its terms, relieved both Benderson and defendant Northeast Mechanical of “any and every claim * * * or cause of action of whatever kind and nature * * * especially the liability arising from” plaintiff’s accident, in exchange for the sum of $3,000. It also stated: “you are making a final settlement, this is a RELEASE. READ CAREFULLY BEFORE SIGNING.”
 

 Subsequently, and notwithstanding the release, plaintiff brought claims against defendants alleging negligence and violations of several Labor Law provisions. At Supreme Court, defendants moved to dismiss the complaint pursuant to CPLR 3211 on grounds of the release. Plaintiff, urging that the release had been obtained through fraud, opposed that motion and cross-moved for summary judgment on liability. Finding questions of fact surrounding the validity of the release, Supreme Court denied defendants’ motions and plaintiff’s cross motions. On defendants’ appeal, the Appellate Division reversed, concluding that the release was valid and binding. We agree.
 

 Where, as here, the language of a release is clear and unambiguous, the signing of a release is a “jural act” binding on the parties (see,
 
 e.g., Mangini v McClurg,
 
 24 NY2d 556, 563). While a release obtained through fraud may be rendered invalid, plaintiff has failed to raise a triable issue concerning the validity of the release. Therefore, consistent with the public policy favoring enforcement of settlements
 
 (see, Rocanova v Equitable Life Assur. Socy.,
 
 83 NY2d 603, 616), the release plaintiff signed should be enforced according to its terms, and plaintiffs claim dismissed
 
 (see, by contrast, Best v Yutaka,
 
 90 NY2d 833, 834).
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs, in a memorandum.