■ CHRISTINE M. BUDNACK, Appellant, v CHARLES E. CRYMES, Respondent. [732 NYS2d 304] —Order unanimously reversed in the interest of justice without costs, motion denied and complaint reinstated. Memorandum: Plaintiff commenced this negligence action seeking damages for personal injuries she sustained in an automobile accident, and Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground of release. A release should not be set aside unless plaintiff demonstrates duress, illegality, fraud, or mutual mistake (*see, Mangini v McClurg*, 24 NY2d 556, 563; *Cramer v Newburgh Molded Prods.*, 228 AD2d 541, *lv denied* 89 NY2d 803; *Stone v National Bank & Trust Co.*, 188 AD2d 865, 867). Although plaintiff contends for the first time on appeal that the release should be set aside on the ground of mutual mistake and thus failed to preserve that contention for our review (*see, Ciesinski v Town of Aurora*, 202 AD2d 984, 985), we nevertheless review that contention in the interest of justice (*see, White v Weiler*, 255 AD2d 952, 952-953). We conclude that plaintiff raised a triable issue of fact whether there was a mutual mistake concerning the nature and extent of her injury (*see, Carola v NKO Contr. Corp.*, 205 AD2d 931, 932; *Horn v Timmons*, 180 AD2d 717, 718). We therefore reverse the order, deny the motion and reinstate the complaint. (Appeal from Order of Supreme Court, Niagara County, Fricano, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.