■ Jake Paige, Appellant, v City of Buffalo et al., Respondents. [753 NYS2d 282] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered September 7, 2001, which, inter alia, granted defendants' cross motion and dismissed the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying defendants' cross motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the vehicle that he was driving collided with a vehicle owned by defendant City of

Buffalo and driven by defendant Louise T. Evans. Plaintiff sought medical treatment on the date of the accident for pain in his head and left leg, and he returned to the emergency room the following day, complaining of the same symptoms. Approximately one month after the accident and approximately one month prior to the diagnosis of a chronic subdural hematoma, plaintiff signed a full release for, inter alia, "all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof" for consideration in the amount of $3,708.64.

Supreme Court erred in granting defendants' cross motion for summary judgment dismissing the complaint based on the release signed by plaintiff. Plaintiff's neurosurgeon averred that the hematoma was "probably" caused by the accident and that the fluid in the hematoma accumulates gradually as a result of trauma. Thus, plaintiff has raised an issue of fact whether, at the time he signed the release, the parties knew that he was suffering from a subdural hematoma. Where the ultimate injury is a consequence or sequela of the known injury a release will be upheld (see Finklea v Heim, 262 AD2d 1056, 1057; see also Booth v 3669 Delaware, 242 AD2d 921, 922, affd 92 NY2d 934). Where, however, the presumed injury is "so different from that of the actual injury [that] it is not merely a matter of degree or severity," the release may be set aside as signed under a mutual mistake of fact (Gibli v Kadosh, 279 AD2d 35, 39; see Curry v Episcopal Health Servs., 248 AD2d 662; Carola v NKO Contr. Corp., 205 AD2d 931).

A release "is a jural act of high significance without which the settlement of disputes would be rendered all but impossible. It should never be converted into a starting point for renewed litigation except under circumstances and under rules which would render any other result a grave injustice. * * * Hence, the releasor * * * must sustain the burden of persuasion if he is to establish that the general language of the release, valid on its face and properly executed, is to be limited because of a mutual mistake" (Mangini v McClurg, 24 NY2d 556, 563; see also Gibli, 279 AD2d at 38; Carola, 205 AD2d at 932). In this case, we conclude that plaintiff has raised a triable issue of fact whether the release was signed under a mutual mistake of fact. We therefore modify the order by denying defendants' cross motion and reinstating the complaint.

All concur except Scudder, J., who dissents in part and votes to affirm in the following memorandum.

Scudder, J. (dissenting in part). I respectfully dissent. In my view, Supreme Court properly granted defendants' cross mo-

tion for summary judgment dismissing the complaint based on the release signed by plaintiff. Contrary to the majority's conclusion, plaintiff failed to raise an issue of fact whether the release is void because it is based upon the mutual mistake of the parties that plaintiff did not sustain a serious injury as a result of the accident. Plaintiff sought medical treatment on the date of the accident for pain in his head and left leg, and he returned to the emergency room the following day, complaining of the same symptoms. Plaintiff testified at the General Municipal Law § 50-h hearing that he experienced pain in his head from the date of the accident until the chronic subdural hematoma was diagnosed approximately two months later. Plaintiff's neurosurgeon states in an affidavit submitted in support of plaintiff's cross motion that plaintiff experienced headaches for two months following the accident and that he "experienced at least five blackouts" before his condition was diagnosed. In my view, therefore, the chronic subdural hematoma "is 'a consequence, or sequela, of the known [head] injury' " (*Finklea v Heim,* 262 AD2d 1056, 1057) and, "[a]t best, plaintiff[ ] [has] established a mere unilateral mistake on [his] part * * * with respect to the meaning and effect of the release. Such a mistake does not constitute an adequate basis for invalidating a clear, unambiguous and validly executed release" (*Booth v 3669 Delaware,* 242 AD2d 921, 922, *affd* 92 NY2d 934). The release clearly states that plaintiff releases defendant from "all known and unknown * * * injuries." In my view, the parties had not agreed to the terms of the release based upon a "mutual misapprehension" of plaintiff's injuries (*Gibli v Kadosh*, 279 AD2d 35, 38), and thus I would affirm. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.