■ JAMES HAYNES, Respondent, v JEAN D. GAREZ, Appellant. [758 NYS2d 391] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rosenberg, J.), dated August 6, 2002, which denied her motion, inter alia, to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when a vehicle he was driving was struck by a vehicle driven by the defendant after she ran a red light. The plaintiff commenced this action to recover damages for personal injuries arising from the accident. The defendant moved, inter alia, to dismiss the complaint as barred by a release signed by the plaintiff. The Supreme Court denied the motion. We affirm.

The plaintiff did not dispute that he signed the release at issue. Rather, he argued that the circumstances surrounding the signing of the release raised questions as to its scope and enforceability. We agree.

Just five days after the accident, the plaintiff met a representative of the defendant's insurance company—Progressive Insurance Company (hereinafter Progressive)—at an auto body shop. After inspecting the plaintiff's vehicle, the representative hand-wrote the plaintiff a check for $300 and had him sign the release at issue. The plaintiff asserted that the representative told him that he was "still entitled to everything," that the money was just a little something given in "good faith" by Progressive, and that the plaintiff should take the check and "go celebrate with [his] wife at dinner." Indeed, although the release contained broad, general language, it also provided: "I UNDERSTAND THAT BY SIGNING THIS RELEASE, I STILL MAINTAIN MY RIGHT TO APPLY FOR PERSONAL INJURY PROTECTION (NO FAULT) AND/OR MEDICAL PAYMENT COVERAGES [*sic*] WHICH I MAY BE ENTITLED TO AS A RESULT OF THIS ALLEGED LOSS." Accordingly, the plaintiff asserted that he thought the money was partial payment for the property damage to his car. The plaintiff further asserted that the representative of Progressive told him that it would be easier and quicker if no lawyers were involved. When the plaintiff learned some months later that he needed back surgery for a herniated disc, he contacted a lawyer. When the proposed scope of the release was explained to him, he believed that Progressive had "completely misled" and "lied" to him.

In general, a release will not be set aside in the absence of duress, illegality, fraud, or mutual mistake (*see Mangini v McClurg,* 24 NY2d 556, 563 [1969]). However, there is a requirement that a release covering both known and unknown injuries be " 'fairly and knowingly made' " (*id.* at 566, quoting *Farrington v Harlem Sav. Bank,* 280 NY 1, 4 [1939]). This requirement may be applied in situations "falling far short of actual fraud" (*id.* at 568), such as when, "because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it was deemed inequitable to allow the release to serve as a bar to the claim of an injured party" (*Mangini v McClurg, supra* at 567; *see Best v Yutaka,* 90 NY2d 833 [1997]; *Curry v Episcopal Health Servs.,* 248 AD2d 662, 663 [1998]; *Horn v Timmons,* 180 AD2d 717, 718 [1992]; *Starr v Johnsen,* 143 AD2d 130, 132 [1988]). Here, there are questions of fact as to whether the release was "fairly and knowingly" made as to the injuries at issue. In addition, given the plaintiff's later-discovered need for surgery, there are questions of fact as to whether there was a mutual mistake concerning such injuries (*see Mangini v McClurg, supra*; *Curry v Episcopal Health Servs., supra*; *Horn v Timmons, supra*; *Pokora v Albergo,* 130 AD2d 473 [1987]).

Indeed, although small or inadequate consideration is not necessarily indicative of mutual mistake (*see Mangini v McClurg, supra*), the amount paid here appears consistent with partial payment for property damage only (*see Best v Yutaka, supra*; *Curry v Episcopal Health Servs., supra*). Accordingly, the defendant's motion was properly denied. Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.