■ THE CHELSEA, LLC, Appellant, v SEVENTH CHELSEA ASSOCIATES, LLC, Respondent, et al., Defendant. [759 NYS2d 48] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about April 5, 2002, which, to the extent appealed from as limited by the brief, granted the motion of defendant Seventh Chelsea Associates, LLC, to dismiss the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 13, 2002, denying plaintiff's motion for reargument, unanimously dismissed, without costs, as no appeal lies from the denial of reargument.

The limitation of remedies clause in the parties' agreement, which restricted plaintiff buyer's remedies to cancellation of the contract, specific performance or closing without reduction or abatement in the purchase price, precluded plaintiff from closing and then seeking monetary damages for breach of contract (*see Chock 336 B'way Operating v Comanche Props.*, 163 AD2d 36, 39 [1990], *lv denied* 77 NY2d 802 [1991]). Plaintiff's cause of action for fraudulent misrepresentation is merely a restatement of its contract claim, and, in any event, any claim by plaintiff of reasonable reliance on representations by defendant is fatally undermined by plaintiff's admission that it discovered all the material facts prior to electing to close (*see Bank Leumi Trust Co. of N.Y. v D'Evori Intl.*, 163 AD2d 26, 31-32 [1990]). Plaintiff's arguments concerning equitable estoppel and public policy are unpreserved, but were we to reach them we would find them to be without merit. Plaintiff's claim for economic duress in connection with its agreement to pay $150,000 to extend the closing deadline was improperly asserted in a cause of action seeking money damages and, in any case, insufficiently particularized. Moreover, the release plaintiff signed on the adjourned closing date expressly applied to the extension payment and all claims arising out of the closing of the sale, and therefore barred plaintiff's current claims (*see Booth v 3669 Delaware*, 92 NY2d 934 [1998]). Concur—Nardelli, J.P., Andrias, Sullivan, Rosenberger and Wallach, JJ.