■ TRUDI L. BRONSON, Appellant, v ALLEN J. HANSEL, Respondent. [913 NYS2d 851]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered September 30, 2009 in a personal injury action. The order granted defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle accident. Prior to that time, however, plaintiff signed a "Release of All Claims" (release) in consideration of $1,039.82, releasing all claims "growing out of any and all known and unknown, foreseen and unforseen[,] bodily and personal injuries and property damage and the consequences thereof resulting from the accident." The release further provided that plaintiff "declare(s) and represent(s) that there may be unknown or unanticipated injuries resulting from the . . . accident . . . and[,] in making [the r]elease[,] it is understood and agreed that [it] is intended to include such injuries." Plaintiff thereafter had an MRI that revealed a herniated disc in her cervical spine.

Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's release. The record establishes that, prior to signing the release, plaintiff had complained of neck pain during an emergency room visit and to her primary care physician at a subsequent office

visit. Plaintiff was thereafter referred to physical therapy for treatment of a "cervical strain." During another visit to her primary care physician five days prior to signing the release, plaintiff was scheduled to have an MRI of her cervical spine. Thus, it is undisputed that plaintiff knew of her neck injury before signing the release. It is well settled that "[t]he discovery of [a] herniated disc is 'a consequence, or sequela, of [that] known injury' " (*Finklea v Heim*, 262 AD2d 1056, 1057 [1999]; *see generally Mangini v McClurg*, 24 NY2d 556, 564 [1969]). Here, it cannot be said that "the nature of the subsequently discovered [herniated disc in the cervical spine was], as a practical or medical matter, . . . distinguishable from unanticipated consequences of [the] known injury," i.e., the cervical strain (*Mangini*, 24 NY2d at 567). The injury site was the same, and "ordinary medical caution . . . suggested the possibility of the associated injury[, i.e., the herniated disc], at the site" (*id.*).

Further, plaintiff cannot avoid the release, the language of which was unambiguous, by now claiming that she did not understand its terms (*see Finklea*, 262 AD2d 1056 [1999]; *DeQuatro v Zhen Yu Li*, 211 AD2d 609 [1995]). Although plaintiff admitted that she did not read the release " 'word for word,' " it is well settled that "[a] party is under an obligation to read a document before executing it and cannot avoid its effect by asserting that he or she did not read it or know its contents" (*Pressley v Rochester City School Dist.*, 234 AD2d 998, 999 [1996]).

All concur except Green and Gorski, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Green and Gorski, JJ. (dissenting). We respectfully dissent inasmuch as we conclude that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Plaintiff raised a triable issue of fact whether the "Release of All Claims" (release) was unenforceable because she signed it under the mistaken belief that it was intended to settle only her claim for property damage (*see Haynes v Garez*, 304 AD2d 714, 716 [2003]; *see generally Mangini v McClurg*, 24 NY2d 556, 562 [1969]). "[A] release may not be read to cover matters [that] the parties did not desire or intend to dispose of" (*Cahill v Regan*, 5 NY2d 292, 299 [1959]).

In opposition to the motion, plaintiff submitted a transcript of her telephone conversation with a claims representative for defendant's insurance company, wherein plaintiff informed the claims representative that, although she had visited the emergency room once as a result of the accident, she could not afford to seek further medical treatment. No further detailed discus-

sion of plaintiff's injuries occurred. That transcript belies the assertion of the claims representative in his affidavit in support of the motion that plaintiff "spoke to [him] at length regarding . . . her alleged injuries" during that telephone conversation. Thus, plaintiff submitted evidence establishing that defendant knew that she was unaware of the extent of her injuries at the time she signed the release. Further, in her affidavit in opposition to the motion, plaintiff stated that, during two subsequent telephone calls with claims representatives for defendant's insurance company, she expressed dissatisfaction with the offer of approximately $960 for the damage to her vehicle, inasmuch as the estimated value of the vehicle was approximately $2,000. According to her affidavit, plaintiff was thereafter offered an additional $1,039.82, at which time she was assured that the increased amount was unrelated to her bodily injury claim. Plaintiff also stated that she executed the release in exchange for two checks from defendant's insurance company totaling $2,000, which is the same amount as the estimated value of plaintiff's vehicle. Neither check contained any notation with respect to the claim for which it was issued, i.e., plaintiff's property damage claim or bodily injury claim. Thus, we conclude that plaintiff raised a triable issue of fact whether the parties intended to settle only the property damage claim (see Cahill, 5 NY2d at 299-300; Haynes, 304 AD2d at 715; see generally Mangini, 24 NY2d at 562).

We therefore would reverse the order, deny the motion and reinstate the complaint. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.