Wei Qiang Huang v Llerena-Salazar (2023 NY Slip Op 06772)

Wei Qiang Huang v Llerena-Salazar

2023 NY Slip Op 06772

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-01726
 (Index No. 714948/21)

[*1]Wei Qiang Huang, appellant, 
v
Alex Javier Llerena-Salazar, et al., respondents.

Steve Louros, New York, NY, for appellant.
Marin Fallon & Mullé, Huntington, NY (Richard C. Mullé of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered March 8, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense of release.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint, and substituting therefor a provision denying the defendants' motion; as so modified, the order is affirmed, with costs to the plaintiff.
In June 2021, the plaintiff commenced this action against the defendants to recover damages for personal injuries arising out of a motor vehicle accident. The plaintiff alleged that in September 2020, the defendants' vehicle struck the vehicle he was driving in the rear, causing injuries. Thereafter, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by a release signed by the plaintiff. The plaintiff cross-moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense of release. In an order entered March 8, 2002, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276). "'A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake'" (Miller v Brunner, 215 AD3d 952, 953, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276). In addition, a release may be set aside on the ground that it was not "'fairly and knowingly made'" (Haynes v Garez, 304 AD2d 714, 715, quoting Mangini v McClurg, 24 NY2d 556, 566 [internal quotation marks omitted]). This basis for setting aside a release may be applied in situations "'falling far short of actual fraud,' such as when, 'because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it was deemed inequitable to allow the release to serve as a bar to the claim of an [*2]injured party'" (Haynes v Garez, 304 AD2d at 715, quoting Mangini v McClurg, 24 NY2d at 567-568 [citation omitted]). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276, quoting Fleming v Ponziani, 24 NY2d 105, 111; see Miller v Brunner, 215 AD3d at 953).
"In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light" (Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [internal quotation marks omitted]).
Here, in support of their motion, the defendants submitted, inter alia, a copy of a release signed by the plaintiff, which, by its terms, barred this action against them (see Cames v Craig, 181 AD3d 851, 852). In opposition, however, the plaintiff's allegations were sufficient to raise questions of fact as to whether the release was signed by the plaintiff under circumstances that indicate unfairness, and whether it was not "fairly and knowingly" made (see Sacchetti-Virga v Bonilla, 158 AD3d at 784; Cabibi v Lundrigan, 7 AD3d 556, 557). The plaintiff averred, among other things, that shortly after the accident, an insurance representative for the defendants called him "repeatedly;" that he had difficulty understanding the defendants' representative due to a language barrier; that the defendants' representative, who had him sign the release to obtain money for medical bills, never explained that the document he signed was a release or had the legal effect of the release; and that the plaintiff was not represented by an attorney at the time he signed the release. Moreover, the plaintiff raised questions of fact as to whether there was mutual mistake as to the nature of the injuries sustained by plaintiff from the alleged accident (see Cabibi v Lundrigan, 7 AD3d at 557; Haynes v Garez, 304 AD2d at 715).
Since the plaintiff failed to eliminate triable issues of fact as to the validity of the release, the plaintiff's cross-motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense of release was properly denied.
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint based on the release, and properly denied the plaintiff's cross-motion.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court