(April 25, 2006)

■ Richard Adrian et al., Appellants, v Michael D. Canuso et al., Respondents. [814 NYS2d 668]—

In an action to recover damages for negligence and fraud, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated May 24, 2005, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiffs brought this action against the contractor who built their home, alleging negligence and fraud. Specifically, they allege that the home was not built in accordance with certain specifications prepared by the plaintiffs' architect, and made a part of the contract between the parties. Concerning the fraud cause of action, the plaintiffs assert that the defendants misrepresented that certain materials and installation methods would be used in the construction of the home to induce the plaintiffs to enter into the contract. The construction of the home was completed in 1988. According to the complaint filed on October 27, 2003 the plaintiffs discovered that the defendants did not follow the specifications in or about 1999.

The Supreme Court properly granted the defendants' motion to dismiss the complaint as time-barred. The gravamen of the complaint is that the defendants breached their promise to build the home in accordance with the specifications, a claim which can only be enforced by an action on the contract (see Scheinberg v Samuels, 171 AD2d 857 [1991]). Since this action was com-

menced 15 years after construction of the house was complete, and the statute of limitations for a breach of contract action is six years, the action is time-barred (*see* CPLR 213 [2]).

Moreover, we note that even if the plaintiffs had a viable cause of action to recover damages for fraud, it would nevertheless be time-barred, since this action was commenced more than two years after the plaintiffs discovered the alleged fraud, which was, according to the complaint, in 1999 (*see* CPLR 213 [8]). Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.