■ JOHN F. SITAR et al., Appellants, v STEVEN SITAR et al., Respondents, et al., Defendants. [878 NYS2d 377]—

In an action, inter alia, for rescission and to recover damages for fraud, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated March 21, 2008, as granted that branch of the motion of the defendants Steven Sitar, Kristen Sitar, Corstar Communications, LLC, Netstar Technologies, LLC, B3 Broadband Business, Inc., and Netstar Corporation which was, in effect, for summary judgment dismissing the

complaint insofar as asserted against them, and (2), from an order of the same court dated July 3, 2008, which denied their motion for leave to reargue and renew the original motion.

Ordered that the appeal from so much of the order dated July 3, 2008 as denied that branch of the plaintiffs' motion which was for leave to reargue the original motion is dismissed, as no appeal lies from an order denying reargument; and it is further;

Ordered the order dated March 21, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 3, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In 2002 the plaintiff John F. Sitar, the then president and owner of the plaintiff Corstar Business Computing Co., Inc. (hereinafter Corstar Business), agreed to sell the corporation's assets to the defendant Corstar Communications, LLC (hereinafter Corstar Communications), a business entity owned by his son and daughter-in-law, the defendants Steven Sitar and Kristen Sitar. At that time, Steven and Kristen were employees of Corstar Business. According to John, the parties agreed that the purchase price would be dependent upon the profitability of Corstar Business during a period of time ranging from 2002 to early 2004. John alleges that he repeatedly requested the books and records of Corstar Business from Kristen, who was the bookkeeper during that period, but they were never delivered to him. Nevertheless, on January 29, 2004, John (on behalf of the seller Corstar Business) and Steven (on behalf of the buyer Corstar Communications) executed an "Asset and Business Purchase Agreement" (hereinafter the APA). Among other things, the APA stated that the purchase price for Corstar Business's assets was $290,000.

John alleges that after the APA was signed he received financial records of Corstar Business which purportedly revealed that prior to the signing of the APA Steven and Kristen had engaged in allegedly unauthorized business transactions, including substantial unauthorized increases in their salaries, that reduced Corstar Business's profitability in the relevant period, thus reducing the ultimate purchase price for Corstar Business's assets.

Subsequently, in December 2005 John and Corstar Business commenced this action against, inter alia, Steven, Kristen, Corstar Communications, and various other business entities controlled by Steven and Kristen (hereinafter the respondents). As relevant here, the plaintiffs seek rescission of the APA on

the ground that John was induced to sign it based upon the respondents' fraudulent representations and/or concealment regarding Corstar Business's profitability. The plaintiffs allege, inter alia, that Steven and Kristen deliberately withheld Corstar Business's financial documents and failed to disclose the company's profitability, which they allegedly had a duty to disclose based upon their status as employees of Corstar Business, and as John's son and daughter-in-law. They further allege that John reasonably relied upon his special relationship with them, which caused him to sell Corstar Business's assets for less than their fair value. The plaintiffs also seek to recover damages on a number of theories, including fraud based upon Steven and Kristen's alleged concealment of Corstar Business's profitability in the relevant period.

In order to prevail in an action based upon fraudulent representations, whether for rescission of a contract or in tort for damages, the plaintiff must establish a misrepresentation of a material fact, which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party, and injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]). Where it is alleged that the defendant fraudulently concealed a material fact, the plaintiff must establish that the defendant had a duty to disclose the subject information (*see E.B. v Liberation Publs.*, 7 AD3d 566, 567 [2004]; *Swersky v Dreyer & Traub*, 219 AD2d 321, 326 [1996]).

The respondents made a prima facie showing of entitlement to judgment as a matter of law warranting dismissal of the plaintiffs' causes of action for rescission and for damages based upon fraudulent concealment.

In particular, the deposition testimony and documentary evidence the respondents submitted demonstrates, prima facie, that when John agreed to sell Corstar Business he agreed to a purchase price of $500,000, to be reduced at the time of the closing by the total amount of salary John was paid (at the rate of $10,000 per month) between the time of the agreement and the date of the closing. The respondents further demonstrated, prima facie, that by the time of the closing, the balance due on the purchase price was $290,000, and the APA was drafted, and executed, in recognition of that fact. In sum, the evidence the respondents produced demonstrated, prima facie, that John agreed to sell Corstar Business for a flat price regardless of the company's profitability in the relevant period, and that the respondents honored that agreement.

Furthermore, even assuming that Steven and Kristen, as John's close family members, had a duty to disclose Corstar Business's financial records and their failure to do so was a material omission, the respondents established, prima facie, that John's reliance was unreasonable and that he failed to fulfill his duty to investigate in light of the clear, documented written provision in the APA stating that the purchase price was $290,000. A plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations where he has "means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation" (*Curran, Cooney, Penney v Young & Koomans*, 183 AD2d 742, 743 [1992] [internal quotation marks and citations omitted]; *see Orlando v Kukielka*, 40 AD3d 829, 831 [2007]).

The respondents also demonstrated, prima facie, that the plaintiffs could not repudiate the APA due to John's acceptance of the benefits of the transaction and his failure to act promptly (*see Barrier Sys. v A.F.C. Enters.*, 264 AD2d 432, 433 [1999]; *Capstone Enters. of Port Chester v County of Westchester*, 262 AD2d 343, 344 [1999]). John received monthly payments under the APA and did not commence this action until roughly two years after the closing. Consequently, he ratified the APA.

In opposition to the respondents' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). John's contention that he signed the APA under duress is without merit. "A contract may be voided on the ground of economic duress where the complaining party was compelled to agree to its terms by means of a wrongful threat which precluded the exercise of its free will" (*Stewart M. Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955, 956 [1976]). Here, John's deposition testimony demonstrated that there was no duress as he admitted that he could have walked away from the transaction. Moreover, the plaintiffs offered no evidence to justify John's execution of an agreement which, through the exercise of ordinary intelligence, he could have determined was contrary to his claimed understanding that the purchase price was based upon Corstar Business's profitability.

In addition, the respondents made a prima facie showing of entitlement to judgment as a matter of law with respect to the remaining causes of action asserted against them. In response, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them.

Moreover, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew (*see Lawlor v Hoffman,* 59 AD3d 499 [2009]).

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Miller, Angiolillo and Balkin, JJ., concur.