Miller v Brunner (2023 NY Slip Op 02118)

Miller v Brunner

2023 NY Slip Op 02118

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-00717
 (Index No. 509929/18)

[*1]Chaim Miller, etc., et al., respondents,
v
Joseph Brunner, et al., defendants, Bo Jin Zhu, appellant.

Jeremy Rosenberg (Jeffrey P. Sharkey, PLLC, Westbury, NY, of counsel), for appellant.
Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Bo Jin Zhu appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 17, 2020. The order, insofar as appealed from, denied the motion of the defendant Bo Jin Zhu pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Bo Jin Zhu pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him is granted.
The plaintiffs commenced this action against, among others, the defendant Bo Jin Zhu (hereinafter the defendant). The plaintiffs alleged, inter alia, that the defendant, through a series of transactions, defrauded the plaintiffs of their right to purchase certain real property in Brooklyn. The defendant moved to dismiss the amended complaint insofar as asserted against him. In an order dated November 17, 2020, the Supreme Court, among other things, denied the motion. The defendant appeals.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). "If the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties" (id. at 276 [internal quotation marks omitted]). "A release should never be converted into a starting point for . . . litigation except under circumstances and under rules which would render any other result a grave injustice" (id. [internal quotation marks omitted]). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake" (id. [internal quotation marks omitted]). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (id. [internal quotation marks omitted]). "A plaintiff seeking to invalidate a release due to fraudulent inducement must establish the basic elements of fraud, namely a representation of material fact, the falsity of that representation, knowledge by the [*2]party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury" (id. [internal quotation marks omitted]).
Here, the defendant correctly contends that he was entitled to dismissal of the complaint insofar as asserted against him on the basis of release (see CPLR 3211[a][5]). The plaintiffs released the defendant "from all actions, causes of action, suits, debts, dues, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands" that the plaintiffs "ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever related[ ] . . . with respect to matters arising out of the property known as 49 Dupont Street, Brooklyn, New York and/or any negotiations in connection therewith." The plaintiffs thus unambiguously released the defendant from all claims arising from the transactions involving the subject property (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276). Furthermore, the plaintiffs failed to sufficiently allege that the release had been procured by fraud (see id.). Accordingly, the Supreme Court should have granted the defendant's motion to dismiss the amended complaint insofar as asserted against him.
In light of the foregoing, we need not reach the defendant's remaining contentions.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court