Kante v 801 Post Realty, LLC (2024 NY Slip Op 00898)

Kante v 801 Post Realty, LLC

2024 NY Slip Op 00898

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-08312
 (Index No. 721176/20)

[*1]Mamoudou Kante, appellant,
v
801 Post Realty, LLC, et al., respondents.

Law Office of Joseph N. Obiora LLC, Jamaica, NY, for appellant.
Tamara M. Harris, Forest Hills, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered October 19, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property. The plaintiff alleged that the defendants breached the contract by failing to use reasonable efforts to obtain a certificate of occupancy and by refusing to give him a mortgage as required by the contract. The defendants moved, among other things, pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint based on a release executed by the plaintiff. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211(a)(1) and (5) based on the release executed by the plaintiff.
"A release is a contract, and its construction is governed by contract law" (Warmhold v Zagarino, 144 AD3d 672, 673 [internal quotation marks omitted]; see Burnside 711 LLC v Amerada Hess Corp., 109 AD3d 860; Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 961). In general, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). "[A signed release] shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Fleming v Ponziani, 24 NY2d 105, 111; see Collins-Genova v Louros, 204 AD3d 748; Davis v Rochdale Vil., Inc., 109 AD3d 867, 867).
"A release should never be converted into a starting point for . . . litigation except under circumstances and under rules which would render any other result a grave injustice" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]). "A plaintiff seeking to invalidate a release due to fraudulent inducement must establish the basic elements of fraud, namely a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, [*2]justifiable reliance by the plaintiff, and resulting injury" (id. [internal quotation marks omitted]; see JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d 877, 878-879; Miller v Brunner, 215 AD3d 952).
Here, in support of their motion to dismiss the complaint, the defendants submitted, inter alia, a release of all claims executed by the plaintiff, which, by its terms, barred the instant action against them (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276). In opposition, the plaintiff failed to sufficiently allege that the release of all claims had been procured by fraud (see JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d at 878-879; Miller v Brunner, 215 AD2d at 953-954).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint as barred by the release of all claims.
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court