Applewhite v 112 Liberty Assoc., LLC (2024 NY Slip Op 06323)

Applewhite v 112 Liberty Assoc., LLC

2024 NY Slip Op 06323

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-03330
 (Index No. 507623/20)

[*1]Samuel Applewhite, respondent, 
v
112 Liberty Associates, LLC, appellant, et al., defendant.

Connick McNamee PLLC, Garden City, NY (Glenn P. McNamee and John P. Collorafi of counsel), for appellant.
Harris Keenan & Goldfarb PLLC, New York, NY (Judith Stempler, Jason Steinberg, and Daniel J. Neiger of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 112 Liberty Associates, LLC, appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated January 3, 2023. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2020, the plaintiff, Samuel Applewhite, commenced this action against the defendants, 112 Liberty Associates, LLC (hereinafter Liberty), and Alba Services, Inc., to recover damages for personal injuries he allegedly sustained while working at a construction site. The plaintiff alleged that in October 2019, a scaffold fell on him while he was working. Thereafter, Liberty moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as barred by a release signed by the plaintiff. The plaintiff, among other things, opposed Liberty's motion. In an order dated January 3, 2023, the Supreme Court, inter alia, denied that branch of the Liberty's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. Liberty appeals.
"'Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1033, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake" (id. [internal quotation marks omitted]; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276; Miller v Brunner, 215 AD3d 952, 953). "In addition, a release may be set aside on the ground that it was not 'fairly and knowingly made'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033, quoting Haynes v Garez, 304 AD2d 714, 715 [internal quotation marks omitted]; see Mangini v McClurg, 24 NY2d 556, 566). "This basis for setting aside a release may be applied in situations 'falling far short of actual fraud' such as when, 'because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it was deemed [*2]inequitable to allow the release to serve as a bar to the claim of an injured party'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033-1034, quoting Haynes v Garez, 304 AD2d at 715 [internal quotation marks omitted]; see Mangini v McClurg, 24 NY2d at 567-568). "'Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1034, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]; see Fleming v Ponziani, 24 NY2d 105, 111; Miller v Brunner, 215 AD3d at 953).
"'In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1034, quoting Sacchetti-Virga v Bonilla, 158 AD3d 783, 784).
Here, in support of its motion, Liberty submitted, among other things, a copy of a release signed by the plaintiff, which, by its terms, purportedly barred this action against Liberty. In opposition, however, the plaintiff's affidavit alleged that he signed the release under circumstances that indicated unfairness and that the release was not fairly or knowingly made (see id.; Sacchetti-Virga v Bonilla, 158 AD3d at 784; Cabibi v Lundrigan, 7 AD3d 556, 557). The plaintiff averred that he was told by two supervisors that he needed to sign a document before returning to work and was told by the supervisors that signing the document would not jeopardize the action he had already commenced. The plaintiff also averred that he was forced to sign the document without a chance to read it or share the document with his attorney, that he felt pressured and under economic duress to sign the document because he would not be able to obtain a similar job, and that he and his family would be incapable of surviving without access to the income from the job. The plaintiff further averred that no notary was present when the document was signed.
Accordingly, the Supreme Court correctly denied that branch of Liberty's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as barred by the release signed by the plaintiff.
The plaintiff's remaining contentions need not be reached in light of our determination.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court