Trepeta v Mobiquity Tech., Inc. (2025 NY Slip Op 04806)

Trepeta v Mobiquity Tech., Inc.

2025 NY Slip Op 04806

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-03220
 (Index No. 605773/23)

[*1]Michael Trepeta, appellant, 
v
Mobiquity Technologies, Inc., et al., respondents.

Cotter Law Group, Manhasset, NY (Jesse C. Cotter, Scott B. MacLagan, and Salvatore Monello of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (David A. Robins of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to rescind a release and to recover damages for fraudulent inducement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 22, 2023. The order granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff is a former employee of the defendants. On April 10, 2017, the plaintiff and the defendants executed a separation agreement containing a general release (hereinafter the release) terminating the plaintiff's employment. Thereafter, in April 2023, the plaintiff commenced this action against the defendants, asserting causes of action to rescind the release and to recover damages for fraudulent inducement, breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. The complaint alleged, among other things, that the plaintiff was employed by the defendants pursuant to an employment agreement executed in 2005 and that the defendants fraudulently induced the plaintiff to execute the separation agreement and the release by threatening to terminate his health benefits and employment for cause pursuant to the employment agreement.
The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In opposition, the plaintiff submitted, among other things, an affidavit in which he alleged that the defendants concealed certain facts at the time he executed the separation agreement. In an order entered December 22, 2023, the Supreme Court granted that branch of the defendants' motion. The plaintiff appeals.
"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must 'accept the facts as alleged in a complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Reaves v New York City Dept. of Educ., 218 AD3d 697, 698, quoting Leon v Martinez, 84 NY2d 83, 87-88; see 1470 39th St., LLC v Goldberg, 226 AD3d 853, 854). "'In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims'" (Nilazra, Inc. v [*2]Karakus, Inc., 136 AD3d 994, 995, quoting Cron v Hargro Fabrics, 91 NY2d 362, 366; see Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 844).
"'To state a [cause of action to recover damages for] fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury'" (Israel v Progressive Cas. Ins. Co., 222 AD3d 733, 734 [internal quotation marks omitted], quoting 651 Bay St., LLC v Discenza, 189 AD3d 952, 953-954; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276; JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d 877, 878-879). "'The plaintiff must also establish that he or she reasonably relied upon the alleged misrepresentation'" (Israel v Progressive Cas. Ins. Co., 222 AD3d at 734, quoting 651 Bay St., LLC v Discenza, 189 AD3d at 954). A plaintiff "'is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations . . . where he [or she] has the means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation'" (Feldman v Byrne, 210 AD3d 646, 649, quoting Benjamin v Yeroushalmi, 178 AD3d 650, 654; see ISS Action, Inc. v Tutor Perini Corp., 170 AD3d 686, 688). Moreover, "[w]here it is alleged that the defendant fraudulently concealed a material fact, the plaintiff must establish that the defendant had a duty to disclose the subject information" (Sitar v Sitar, 61 AD3d 739, 741).
Here, the complaint, considered in conjunction with the allegations contained in the plaintiff's affidavit submitted in opposition to the defendants' motion, failed to state a cause of action to recover damages for fraudulent inducement with respect to the release. The plaintiff failed to adequately allege justifiable reliance on the defendants' alleged misrepresentations, as the plaintiff had the means available to him of knowing by the exercise of ordinary intelligence the contents of his employment agreement (see JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d at 878-879; Benjamin v Yeroushalmi, 178 AD3d at 654). The plaintiff also failed to adequately allege that the defendants had a duty to disclose the allegedly-concealed material facts (see Sitar v Sitar, 61 AD3d 739).
"'Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1033, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake" (id. [internal quotation marks omitted]; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276; Miller v Brunner, 215 AD3d 952, 953). "In addition, a release may be set aside on the ground that it was not 'fairly and knowingly made'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033 [internal quotation marks omitted], quoting Haynes v Garez, 304 AD2d 714, 715; see Mangini v McClurg, 24 NY2d 556, 566). "This basis for setting aside a release may be applied in situations 'falling far short of actual fraud' such as when, 'because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it was deemed inequitable to allow the release to serve as a bar to the claim of an injured party'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033-1034 [internal quotation marks omitted], quoting Haynes v Garez, 304 AD2d at 715; see Mangini v McClurg, 24 NY2d at 567-568). "'Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1034 [internal quotation marks omitted], quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276; see Miller v Brunner, 215 AD3d at 953).
"'In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light'" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1034, quoting Sacchetti-Virga v Bonilla, 158 AD3d 783, 784).
Here, in support of their motion, the defendants submitted the separation agreement, which contained the release. The release, by its terms, released the defendants "from any and all [*3]claims, demands, causes of action, and liabilities of any nature, both past and present, known and unknown, from any act or omission of any kind occurring on or before the date of execution of [the separation agreement]." Thus, the defendants met their initial burden of establishing that this action was barred by the release (see id.). In opposition, the plaintiff failed to adequately allege fraud, duress, overreaching, or some other circumstance that would be sufficient to set aside the release (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 277; Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1034; Lopez v Muttana, 144 AD3d 871, 872).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
The plaintiff's remaining contentions need not be reached in light of our determination.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court