Alexander v Alexander (2025 NY Slip Op 04758)

Alexander v Alexander

2025 NY Slip Op 04758

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-09710
2024-04844
 (Index No. 521440/22)

[*1]Stephanie Alexander, appellant, 
v
Sheryll Alexander, etc., et al., respondents.

Patricia Byrne Blair, Blue Point, NY, for appellant.
Woods Lonergan PLLC, New York, NY (Lawrence R. Lonergan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 5, 2023, and (2) an order and money judgment (one paper) of the same court dated February 14, 2024. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The order and money judgment granted the defendants' unopposed motion for an award of attorneys' fees and awarded the defendants attorneys' fees in the sum of $19,097.50.
ORDERED that the order is affirmed; and it is further,
ORDERED that the appeal from the order and money judgment is dismissed, as no appeal lies from an order and money judgment entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff is the sister of the defendants Sheryll Alexander and Keith Evan Alexander (hereinafter together the Alexander defendants). Irwin Alexander, the father of the plaintiff and of the Alexander defendants, died in November 2004. Thereafter, the plaintiff entered into a stipulation of settlement dated January 31, 2007 (hereinafter the 2007 stipulation of settlement), relinquishing any interest the plaintiff had in Irwin's estate. Miriam Alexander, the mother of the plaintiff and of the Alexander defendants, executed a last will and testament dated November 19, 2008 (hereinafter the 2008 will), and thereafter died in February 2018.
The plaintiff contends that she was the victim of fraud, which was revealed to her shortly before Miriam's death in February 2018. In July 2022, the plaintiff commenced this action, inter alia, to recover damages for fraud, alleging, among other things, that the Alexander defendants exerted undue influence over Miriam and fraudulently induced Miriam to sign "certain documents" that deprived the plaintiff of the plaintiff's inheritance and that the plaintiff holds an interest in properties owned by the defendants KISSM Realty Corp., Alexander Building, LLC, and MISSK Realty, LLC (hereinafter collectively the corporate defendants).
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, inter alia, that this action was barred by the 2007 stipulation of settlement. In an order dated September 5, 2023, the Supreme Court granted the motion. Thereafter, the defendants moved for an award of attorneys' fees. The plaintiff did not oppose the motion. In an order and money judgment dated February 14, 2024, the court granted the unopposed motion and awarded the defendants attorneys' fees in the sum of $19,097.50. The plaintiff appeals.
The appeal from the order and money judgment must be dismissed, as no appeal lies from an order and money judgment entered upon the default of the appealing party (see CPLR 5511).
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Miller v Brunner, 215 AD3d 952, 952 [internal quotation marks omitted]; see Sacchetti-Virga v Bonilla, 158 AD3d 783, 783-784). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake" (Miller v Brunner, 215 AD3d at 952 [internal quotation marks omitted]; see Carew v Baker, 175 AD3d 1379, 1380-1381). "[A] signed release shifts the burden of going forward . . . to the plaintiff to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d 877, 878 [alteration and internal quotation marks omitted]; Warmhold v Zagarino, 144 AD3d 672, 673). Here, the causes of action relating to the plaintiff's alleged interest in the properties owned by the corporate defendants were barred by the 2007 stipulation of settlement, which the plaintiff failed to sufficiently allege was procured by fraud or duress (see JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d at 879; Moskowitz v General Acc. Ins. Co., 179 AD2d 722, 722-723). Accordingly, the causes of action relating to Irwin's estate were barred by the 2007 stipulation of settlement.
Further, the causes of action relating to Miriam's estate were time-barred. "Pursuant to CPLR 213(8) and 203(g), an action sounding in fraud must be commenced within six years of the commission of the fraud, or within two years after the fraud was or should have been discovered through the exercise of reasonable diligence" (Matter of Hersh, 198 AD3d 766, 769; see CPLR 203[g]; 213[8]; Pugni v Giannini, 163 AD3d 1018, 1020). As clarified by the plaintiff's affidavit, the complaint alleged that the fraud and undue influence occurred in or around the time that Miriam signed the 2008 will and that the plaintiff discovered the alleged fraud and undue influence shortly before Miriam's death in February 2018. Thus, this action was commenced more than six years after the alleged fraud and undue influence occurred and more than two years after the plaintiff discovered the alleged fraud and undue influence (see Matter of Hersh, 198 AD3d at 769; Adrian v Canuso, 28 AD3d 691, 692).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court